UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6149-CR-ZLOCH/SELTZER

UNITED STATES OF AMERICA

　　　　Plaintiff,

v.

WILLIAM MACHUCA
a/k/a William Villegas

　　　　Defendant.
_____/

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

　　　　The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

　　　　A.　1.　There government is unaware of any written or recorded statements made by the defendant other than those referred to in paragraph Q below.

　　　　　　　2.　The defendant did not make any statements before re or after arrest in response to interrogation by any person then known to be a government agent that the government intends to utilize at trial. The defendant's personal history statement is attached.

　　　　　　　3.　The defendant did not testify before the grand jury.

　　　　　　　4.　The defendant's criminal history is attached.

　　　　　　　5.　Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as



evidence at trial to prove its case in chief, or were obtained from or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. Some items are attached. An inventory of those items is attached.

    6. A laboratory analysis report regarding the cocaine in connection with this will be disclosed upon receipt by the undersigned.

    B. The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C. The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963) or <u>United States</u> v. <u>Agurs</u>, 427 U.S. 97 (1976).

    D. The government will disclose any records of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of <u>United States</u> v. <u>Giglio</u>, 405 U.S. 150 (1972) and <u>Napue</u> v. <u>Illinois</u>, 360 U.S. 264 (1959).

    E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Such information will be disclosed upon receipt by the undersigned.

    F. The defendant was not identified in a lineup, showup, photo spread or similar identification procedure.

    G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H. Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

    I. The defendant is not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

    J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section

3500.

K.   The cocaine involved in this case is currently located at the Drug Enforcement Administration Southeast laboratory in Miami, Florida.   The United States will, upon request, deliver to a chemist selected by the defense, who is presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823, and 21 C.F.R. Section 101.22(8), a sufficient representative sample of any alleged controlled substance which is the subject of this indictment, to allow independent chemical analysis of such sample.

L.   If you wish to inspect the Toyota Camry or Nissan Pathfinder automobiles used in the commission of the alleged offenses, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection.  In order to meet security requirements, all requests to inspect seized automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.   Latent fingerprints have been recovered in this case.  A copy of the report of the fingerprints examination is attached.

N.   To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.   The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

P.   In addition to the request made above by the government pursuant to Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate times, dates, and place of the offenses were:

       Time:   2:00 p.m.
       Date:   May 27, 2000

```
Place:  Town and Country Mall, Kendall Drive and SW 117th
        Street, Miami, Florida

Time:   9:00 p.m. - 10:00 p.m.
Date:   May 27, 2000
Place:  North State Road 7, (just north of Atlantic),
        Margate, Florida
```

Q. Various tape-recorded telephone conversations and meetings took place between William Machuca a/k/a William Villegas and the informant in this case. Copies may be obtained by providing te undersigned with nineteen blank audio cassette tapes and one video tape. Transcripts of the recordings should be completed within the next two weeks.

R. The United States will be submitting additional information to supplement its response to the standing discovery order.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

INVENTORY OF ATTACHED ITEMS

|  | Page # |
|---|---|
| Fingerprints analysis report | 1-5 |
| Margate Police Department Reports | 6-10 |
| DEA 7 Report | 11 |
| DEA 7a reports | 12-27 |
| Personal history report of defendant | 28-29 |
| Criminal History Report of defendant | 30-34 |

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by Federal Express Mail this <u>28th</u> day of June, 2000, upon: Assistant Federal Public Defender Patrick Hunt, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY